J. TERRY WEST and Others, as Copartners, Doing Business under the Firm Name and Style of C. E. WELLES & Co., Appellants, v. STERLING S. BEARDSLEY, Respondent.

First Department, February 7, 1919.

Trial — action by stockbrokers against customer on account stated — defense — payment — counterclaim — erroneous instructions — new trial.

Where in an action by stockbrokers against a customer on an account stated the defendant joined issue on the rendering of the account, pleaded payment and set up a counterclaim based upon the sale by the plaintiffs of defendant's securities held as collateral or margin, and no evidence was introduced in support of the counterclaim, it was error for the court to instruct the jury that if they found in defendant's favor on the account stated the defendant was entitled to recover on the counterclaim.

Although such error does not necessarily enter into the jury's finding upon the issue of an account stated, the interests of justice will be served by ordering a new trial of the entire action, for there are no means of determining to what extent the jury's verdict was influenced by the erroneous instruction.

APPEAL by the plaintiffs, J. Terry West and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of December, 1917, upon the verdict of a jury in defendant's favor upon his counterclaim, and also from an order entered in said clerk's office on the same day denying plaintiffs' motion for a new trial made upon the minutes.

*Scott McLanahan* of counsel [*George C. Austin* with him on the brief; *Austin, McLanahan & Merritt*, attorneys], for the appellants.

*John T. McGovern*, for the respondent.

SHEARN, J.:

This is an action on an account stated between the plaintiff stockbrokers and the defendant. The defendant joined issue on the rendering of the account, pleaded payment and set up a counterclaim for $1,569, based upon the sale by the brokers of defendant's securities, which, as the plaintiffs' evidence showed, and as to which there was no contradiction, were held by the plaintiffs as collateral or margin. The proceeds of the sale of the collateral were carried into the account, and the debt represented the balance on the transactions after crediting the sale of the collateral.

The defendant attempted to show on cross-examination that, if there had been any debt, it had been paid before the account was rendered. To show payment, however, the defendant was obliged to take credit for the proceeds of the sale of the collateral. No evidence whatever was introduced in support of the counterclaim. This state of the record of course required either a verdict for the plaintiffs or for the defendant, according to the finding of the jury upon the issues as to which there was evidence pro and con. The court instructed the jury that if they found in defendant's favor on the account stated, the defendant was entitled to recover on the counterclaim, to which exception was duly taken. This was erroneous. The court was evidently of the impression that if plaintiffs failed to establish an account stated, it necessarily followed that defendant was entitled to the value of his securities, sold by the plaintiffs. This naturally depended upon whether, as alleged in the counterclaim, defendant was entitled to the immediate possession of the securities. Not only did defendant offer no evidence to show this, but the uncontradicted evidence was that the securities were held as collateral. To establish his counterclaim and his right to possession of securities held as collateral, it was necessary for the defendant to show that there was no debt. Obviously, defendant could not credit himself with the sale of the collateral, to prove that there was no debt, and at the same time recover the value of the securities. The jury was confused and came back for further instructions, which, however, were to the same effect. Although the error does not necessarily enter into the jury's finding upon

the issue of an account stated, which plaintiffs contend with much force to have been against the weight of the evidence, we are of the opinion that the interests of justice will be served by ordering a new trial of the entire action, for there are no means of determining to what extent the jury's verdict was influenced by the manifest confusion and error concerning the application of the proceeds of the sale of the collateral.

The judgment and order are reversed and a new trial ordered, with costs to appellants to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.